IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

EQUAL EMPLOYMENT OPPORTUNITY        )
COMMISSION,                          )
                                     )
              Plaintiff              )       CIVIL ACTION NO.
                                     )
       v.                            )       COMPLAINT  08-1152
                                     )
RIVER PARISH CONTRACTORS, INC.       )
                                     )
              Defendant              )       JURY DEMAND
                                     )

## NATURE OF THE ACTION

This action is brought by the United States Equal Employment Opportunity Commission under (i) Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Angellett M. Nott ("Ms. Nott") who was adversely affected by being discharged by her former employer, River Parish Contractors, Inc. because of her pregnancy.

## JURISDICTION AND VENUE

1.

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§

___ Fee _____
___ Process _____
_X_ Dktd _____
___ CtRmDep _____
___ Doc. No. _____

2000e-5(f)(1) and (3) ("Title VII"), Section 102 of the Civil Rights Act of 1991, as amended, 42 U.S.C.§ 1981a.

2.

Venue is proper in this Court under 28 U.S.C. § 1391 and Section 706(f)(3) of Title VII, 42 U.S.C. §2000e-5(f)(3). The employment practices alleged to be unlawful were committed within the district of this Court.

**PARTIES**

3.

Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.

Defendant herein is River Parish Contractors, Inc. ("Defendant" or the "Employer"). At all relevant times, Defendant has been a corporation organized under the laws of, and doing business within, the State of Louisiana, and has had at least 15 employees and sometimes 100 or more employees.

5.

At all relevant times, Defendant has been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

**STATEMENT OF CLAIMS**

6.

More than thirty (30) days prior to the institution of this lawsuit, Ms. Nott filed a charge with the Commission alleging violation of Title VII by Defendant. All administrative conditions precedent to the institution of this lawsuit have been fulfilled.

7.

a.   Ms. Nott was hired by Defendant to work as a field helper at its Valero Oil Refinery worksite in early September 2006.

b.   Ms. Nott so ably performed her job as field helper for Defendant that within weeks of beginning her employment, Defendant solicited her to work as Defendant's timekeeper/payroll assistant to the site Office Manager due to a sudden vacancy in that position.

c.   On or about November 13, 2006 Ms. Nott informed Defendant that she was pregnant. Thereafter, Defendant

questioned Ms. Nott's performance as timekeeper/payroll assistant and later told her that she not working out as timekeeper/payroll assistant.

d.   Defendant never moved or transferred Ms. Nott back to a field job or her former helper position, which she could perform, despite its claims that Ms. Nott's performance was unsatisfactory in timekeeper/payroll assistant job.

e.   On December 29, 2006 Defendant terminated Ms. Nott's employment without ever offering to transfer or return Ms. Nott to a field job. Defendant fired Ms. Nott because of her pregnancy, in violation of Title VII. During the termination meeting held that same day, Defendant's Project Manager offered to rehire Ms. Nott as a field helper after her baby was born and she had a babysitter.

8.

Under Section 701(k) of Title VII, discrimination against an individual because of, or on the basis of, pregnancy constitutes discrimination "because of sex."   42 U.S.C. § 2000e(k).

9.

The unlawful practice by Defendant complained of herein has deprived Ms. Nott of equal employment opportunities and

otherwise adversely affected her status as an employee because of her sex or, more particularly, because of her pregnancy.

### 10.

The unlawful employment practice complained of herein was intentional.

### 11.

The unlawful employment practice complained of herein was done with malice or with reckless indifference to the federally protected rights of Ms. Nott.

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from terminating employees because of their pregnancy and any other employment practice which discriminates on the basis of sex.

B.    Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past unlawful employment practice, including but not limited to annual training of all supervisors and managers concerning

pregnancy discrimination laws, and the development of effective policies to prevent pregnancy discrimination;

C.   Order Defendant to make Ms. Nott whole, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practice;

D.   Order Defendant to make Ms. Nott whole by providing compensation for past pecuniary losses resulting from the unlawful practice described above, including medical expenses not covered by the Defendant's employee benefit plan, in amounts to be determined in the course of the proceedings;

E.   Order Defendant to make Ms. Nott whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practice complained of herein, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined in the course of the proceedings;

F.   Order Defendant to pay punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial;

G.   Grant such further relief as the Court deems necessary and proper in the public interest; and

H.   Award the Commission its costs of this action.

6

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

**RONALD S. COOPER**
General Counsel

**JAMES L. LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

**JIM SACHER**
Regional Attorney
La. Bar Roll No. 14888
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
HOUSTON DISTRICT OFFICE
Mickey Leland Federal Building
1919 Smith Street
7th Floor
Houston, Texas 77002-8049
Tel: (713)-209-3398
Telefax: (713)-209-3402

**N. ELEANOR GRAHAM**
Senior Trial Attorney
La. Bar Roll No. 16946
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
New Orleans Field Office
1555 Poydras Street, Suite 1900
New Orleans, LA 70112
Tel: (504) 595-2875 (Graham)
Fax: (504) 589-6861 or 595-2886
**COUNSEL FOR PLAINTIFF**
**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**